# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WAYNE DARNELL SMITH,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-19-0612-I-1 |
| 　　　　v. | |
| DEPARTMENT OF ENERGY,<br>　　　　　Agency. | DATE: June 21, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Wayne Darnell Smith</u>, Fort Washington, Maryland, pro se.

<u>Jocelyn E. Richards</u>, Esquire, and <u>Jenny Knopinski</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed by 59 days without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On October 2, 2019, the administrative judge issued an initial decision dismissing the appellant's termination appeal for lack of jurisdiction. Initial Appeal File (IAF), Tab 15, Initial Decision (ID). On January 4, 2020, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has failed to show good cause for the 59-day delay in filing his petition for review.

A petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that he received the initial decision more than 5 days after the date of the issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). Here, the administrative judge advised the appellant that the initial decision would become final on November 6, 2019, unless a petition for review was filed by that date. ID at 8. The administrative judge further informed the appellant that, if he proved that he received the initial decision more than 5 days after the date of issuance, he could file a petition for review within 30 days after the date of receipt. *Id.*

The record reflects that the appellant, a registered e-filer, received the initial decision on October 2, 2019, the date of issuance, via electronic mail. IAF, Tab 1 at 2, Tab 16; *see* 5 C.F.R. § 1201.14(m)(2) (providing that Board documents served electronically on registered e-filers are deemed received on the date of electronic submission). On the online interview form, the appellant states, without explanation, that he received the initial decision on "November 6, 2009 at 12:00:00 AM." PFR File, Tab 1 at 3. Construing his pleading liberally, we conclude that the appellant asserts that he received the initial decision on November 6, 2019, which was 35 days after its issuance. *See Melnick v. Department of Housing & Urban Development*, 42 M.S.P.R. 93, 97 (1989) (holding that pro se pleadings are to be liberally construed), *aff'd*, 899 F.2d 1228

(Fed. Cir. 1990) (Table). The appellant has not presented any factual allegations or evidence to explain or corroborate his bare assertion that he did not receive the initial decision until this date. To the contrary, we find that the record reflects that the appellant received the initial decision on October 2, 2019. IAF, Tab 1 at 2, Tab 16. Thus, the deadline for filing a petition for review was November 6, 2019. *See* 5 C.F.R. § 1201.114(e). Accordingly, the appellant's petition for review filed on January 4, 2020, is untimely by 59 days. *Id.*[2]

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In determining whether there is good cause, the Board considers the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to file a timely petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

We find that the appellant has not demonstrated good cause for the untimely filing of his petition for review. The Acting Clerk of the Board notified the appellant that his petition for review was untimely and gave him an opportunity to demonstrate good cause for his untimely filed petition. PFR File, Tab 2 at 1-2, 7-8. Although the appellant is pro se, a 59-day delay is lengthy and

---

[2] Even assuming that the appellant received the initial decision on November 6, 2019, the deadline for filing a petition for review would have been 30 days later on December 6, 2019. *See* 5 C.F.R. § 1201.114(e). Thus, at a minimum, the appellant's petition for review is untimely by 29 days, which is a significant delay. We would still dismiss the petition for review because the appellant has not established good cause for such a delay as explained below.

the appellant provides no explanation for his late filing despite being given an opportunity to do so. Instead, he challenges the merits of the agency's removal action, stating, "I respectfully request the entire MSPB review of this decision by filing a petition for review." PFR File, Tab 1 at 3-4. The Board has consistently denied a waiver of the filing deadline if a good reason for the delay is not shown, even when the appellant is pro se. *See Cabarloc v. Department of Veterans Affairs*, 112 M.S.P.R. 453, ¶¶ 9-10 (2009) (finding no good cause for the pro se appellant's 10-day delay in filing a petition for review when he failed to respond to the Clerk's notice regarding timeliness). Moreover, merely challenging the merits of the agency's removal action does not establish good cause for waiving the filing deadline. *See Guevara v. Department of the Navy*, 112 M.S.P.R. 39, ¶ 7 (2009) (finding that the appellant failed to establish good cause for his untimely filed petition for review when he merely argued the merits of the agency's removal action). The appellant's failure to address the timeliness of his petition for review and the lack of evidence of circumstances beyond his control or of unavoidable casualty or misfortune that prevented him from filing a timely petition for review weigh against finding good cause.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the Board's jurisdiction over this appeal.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.